**CJ Griffin**
Partner
cgriffin@pashmanstein.com
Direct: 201.270.4930



September 25, 2024

**FILED AND SERVED VIA CM/ECF**
Hon. Georgette Castner, U.S.D.J.
United States District Court, District of New Jersey
Clarkson S. Fisher Bldg. & U.S. Courthouse
402 E. State Street
Trenton, NJ 08608

**Re:** *Lovaglio, et al. v. Baston, et al.*, No.: 3:23-cv-21803.

Dear Judge Castner:

Hannah Lovaglio, J.L. and B.L., by next friend Hannah Lovaglio, Erica and Jeremiah Jedynak, and C.J., by next friends Erica and Jeremiah Jedynak ("Plaintiffs") respectfully submit this letter in response to the appearance of the Newborn Screening Alliance ("NSA") and the Association for Creatine Deficiencies ("ACD") as amicus curiae. Both the NSA and ACD want "to file an amicus curiae brief with respect to defendants' pending motion to dismiss plaintiffs' first amended complaint." (Doc. 34 at 1; *see also* Doc. 36 at 1 (same).) In response, the Court invited both organizations to file letters explaining their respective interests as amicus curiae. On September 18, 2024, NSA filed its letter (Doc. 38); on September 25, 2024, ACD filed its letter (Doc. 39).

As a general matter, Plaintiffs do not oppose the participation of amici in any case. Indeed, the Institute for Justice, the public interest law firm representing Plaintiffs, routinely files such briefs. That said, the procedural posture in this case suggests that the utility of the proposed amicus briefs would be limited. That is because, at the motion to dismiss stage, the Court "accept[s] as true all factual allegations in the complaint and ask[s] whether, viewing those facts in the light most favorable to plaintiffs, they are entitled to relief." *Hickey v. Univ. of Pittsburgh*, 81 F.4th 301, 308 (3d Cir. 2023) (citation omitted). Accordingly, whether a complaint states a claim for relief should be decided solely on the allegations in the complaint—not on outside evidence. *See* Fed. R. Civ. P. 12(d).

But here, both proposed amici want to provide additional facts not in the complaint, including, for instance, "firsthand accounts from individuals." (Doc. 38 at

Court Plaza South
21 Main Street, Suite 200
Hackensack, NJ 07601

Phone: 201.488.8200
Fax: 201.488.5556
www.pashmanstein.com

2; Doc. 39 at 2 (same).) Those additional facts, they say, will help explain why retaining the blood spot cards is beneficial, (Doc. 38 at 1 ("In New Jersey, NBS blood spot cards play a critical role in public health and rare disease research beyond their initial diagnostic use."); Doc. 39 at 2 (same)); and why the Court should "balance[e] parental rights with the necessity of retaining blood spot cards for validation and research." (Doc. 38 at 2.) But that "balancing" is a classic factual question upon which Defendant would have the burden and that is properly resolved at the summary judgment stage. *See, e.g.*, *Neumeyer v. Beard*, 421 F.3d 210, 213–16 (3d Cir. 2005) (affirming summary judgment under the special-needs exception to the Fourth Amendment based on the record evidence); *Hickey*, 81 F.4th at 316 (explaining that the amici's arguments went to a "factual question," which should not be considered or resolved "at the motion-to-dismiss stage").

Accordingly, although Plaintiffs do not oppose the participation of amici in this case, Plaintiffs do not think amici's additional facts and arguments are helpful at this motion-to-dismiss stage of the case. Should the Court grant leave to file the requested amici briefs, Plaintiffs request that the Court set a deadline for the amicus briefs to be filed. Should that deadline fall before Plaintiffs' current deadline to respond to Defendants' motion to dismiss, on October 9, 2024, Plaintiffs would ask the Court to extend that deadline by an additional 10 days, up to and including October 21, 2024. And should the amici deadline fall after October 9, 2024, Plaintiffs respectfully request that their response date be extended until 10 days from the date that the amicus briefs are filed.

Respectfully submitted,

/s/ CJ Griffin
CJ Griffin, Esq. (NJ Bar No. 031422009)
PASHMAN STEIN WALDER HAYDEN, P.C.

/s/ Robert Frommer
Robert Frommer, Esq.*
INSTITUTE FOR JUSTICE

/s/ Brian A. Morris
Brian A. Morris, Esq.*
INSTITUTE FOR JUSTICE

/s/ Christen M. Hebert
Christen M. Hebert, Esq.*
INSTITUTE FOR JUSTICE

*Attorneys for Plaintiffs*
*\*Pro Hac Vice Counsel*