UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| HANNAH LOVAGLIO, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>KAITLAN BASTON, *et al.*,<br><br>Defendants. | Civil Action No. 23-21803 (GC) (RLS)<br><br>**<u>ORDER</u>** |

**THIS MATTER** comes before the Court upon Defendants' Motion to Dismiss, (ECF No. 45), the First Amended Complaint. (ECF No. 31.) "Mootness is a jurisdictional issue that 'a federal district court must resolve before it assumes jurisdiction.'" *Perry v. Gonzales*, 472 F. Supp. 2d 623, 626 (D.N.J. 2007) (quoting *North Carolina v. Rice*, 404 U.S. 244, 246 (1971)). In assessing mootness, a court must determine "whether a change in circumstances since the beginning of the litigation precludes any occasion for meaningful relief." *Id.* (quoting *Old Bridge Owners Coop. Corp. v. Township of Old Bridge*, 246 F.3d 310, 314 (3d Cir. 2001)).

At the time Plaintiffs filed the original Complaint on November 2, 2023, Plaintiff J.L. was five years old, Plaintiff B.L. was one year and six months old, and Plaintiff C.J. was one-month shy of two years old. (ECF No. 1 ¶¶ 27-28; *see also* ECF No. 31 ¶¶ 12-13.) As of the date of this Order, all three minor Plaintiffs are over two years old.

On June 20, 2024, New Jersey's Department of Health (NJDOH) issued a Public Notice regarding a change to the Newborn Screening Program's retention policy.[1] "Under the new policy,

---

[1] *Public Notice of Change to Newborn Screening Program's Retention Policy*, New Jersey Department of Health (June 20, 2024), https://nj.gov/health/phel/documents/newborn-screening-retention-policy.pdf.

the Department will retain identified bloodspots for only two years, unless a parent or guardian expressly requests a shorter or longer retention period . . . ."[2] According to the Notice, NJDOH began "taking steps to implement the new policy" in June 2024.[3] However, NJDOH stated that "destruction of existing samples will not begin until November 1, 2024, and will take some time."[4]

A party who seeks to invoke the court's jurisdiction must demonstrate that she has standing. *A.S. v. Harrison Twp. Bd. of Educ.*, 66 F. Supp. 3d 539, 545 (D.N.J. 2014). To establish Article III standing, a plaintiff must satisfy three elements: the plaintiff "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992)). A plaintiff must "demonstrate standing separately for each form of relief sought." *A.S.*, 66 F. Supp. 3d at 545 (quoting *Friends of the Earth, Inc. v. Laidlaw Env't. Servs.*, 528 U.S. 167, 185 (2000)). When seeking prospective injunctive relief, "a plaintiff must show that he or she is likely to suffer future injury from the defendant's illegal conduct." *Id.* at 546. "Allegations of possible future injury are not sufficient to satisfy Article III" standing. *Reilly v. Ceridian Corp.*, 664 F.3d 38, 42 (3d Cir. 2011) (internal quotation marks omitted). Indeed, the threat of future injury may not be "merely imaginary or wholly speculative." *N.J. Bankers Ass'n v. Att'y Gen. N.J.*, 49 F.4th 849, 855 (3d Cir. 2022). It must be "real or immediate." *A.S.*, 66 F. Supp. 3d at 546.

In addition to other forms of relief, Plaintiffs seek the following prospective injunctive relief: an order that Defendants either (1) "[o]btain voluntary, informed consent from the parent or

---

[2] *Id.*
[3] *Id.*
[4] *Id.*

2

legal guardian, meaning that parents are informed of the specific uses that the blood can be used for, before New Jersey retains any blood spot after the newborn screening tests are completed, and the parents voluntarily opt-in to the retention of the blood"; (2) "[r]eturn all blood spots for which New Jersey does not first obtain voluntary, informed consent to retain the blood for specified uses once the newborn screening tests are completed"; or (3) "[d]estroy all blood spots for which New Jersey does not obtain voluntary, informed consent to retain the blood for specified uses once the newborn screening tests are completed." (ECF No. 31 ¶ 179.)

For these reasons,

**IT IS** on this 17th day of April, 2025 **ORDERED** as follows:

1. **Within fourteen (14) days of the date of this Order**, Defendants shall file a status report informing the Court as to whether Plaintiffs J.L., B.L., and C.J.'s residual dried blood spots have been destroyed pursuant to NJDOH's new retention policy.

    a. If so, **on that same date**, Defendants shall file supplemental briefing not to exceed five (5) single-spaced pages addressing (1) whether the destruction of minor Plaintiffs' residual dried blood spots renders this case moot and (2) whether any exception to mootness applies.

    b. Without re-hashing the arguments already made in their Motion to Dismiss, **on that same date**, within that five-page limit, Defendants shall also address whether Plaintiffs have standing to pursue specifically the prospective injunctive relief set forth in Paragraph 179 of the First Amended Complaint.

2. **Within twenty-one (21) days of the date of this Order**, Plaintiffs shall file a response to Defendants' supplemental briefing, not to exceed five (5) single-spaced pages.

_____
GEORGETTE CASTNER
UNITED STATES DISTRICT JUDGE

4