

CJ Griffin
Member of the Firm
Court Plaza South, East Wing
21 Main Street, Suite 200
Hackensack, NJ 07601
Direct: 201.270.4930
Fax: 201.488.5556
cgriffin@pashmanstein.com

July 15, 2025

**FILED AND SERVED VIA CM/ECF**
Hon. Georgette Castner, U.S.D.J.
United States District Court, District of New Jersey
402 E. State Street, Trenton, NJ 08608

Re:   *HANNAH LOVAGLIO, J.L. and B.L., by next friend, Hannah Lovaglio, et al., v. KAITLAN BASTON, et al.* Civil Action No.: 3:23-cv-21803

Dear Judge Castner:

Pursuant to the Court's July 8 Order (ECF 58), Plaintiffs submit this response to Defendants' Notice of New Authority (ECF 57).

Defendants' Notice asserts that (1) *Kanuszewski II* is directly on-point, and (2) this Court should apply its reasoning to dismiss Plaintiffs' First Amended Complaint. These contentions fail both because the background law in Michigan and the Sixth Circuit differs from the law in New Jersey and the Third Circuit, and because the specific claims and theories raised by the plaintiffs in *Kanuszewski II* differ from Plaintiffs'.

First, the *Kanuszewski II* panel defined the liberty interest of parents as the right to direct their children's medical care. *Kanuszewski v. Mich. Dep't of Health & Hum. Servs.*, 2025 WL 1752516, at *7–8 (6th Cir. June 25, 2025). Consequently, it definitionally excluded the storage and use of blood spots from "medical treatment, diagnosis, or advice," precluding the strict scrutiny lens of the *Troxel* line of family privacy cases. *Id.* The Sixth Circuit's conclusion that the storage and use of blood spots for "quality assurance, test improvement, research, and victim identification" were not "medical care," *id.*, does not translate to the case at bar. Plaintiffs rely not on a lesser right to direct medical care but on the greater right to the care, custody, and control of their children, which includes the seizure, retention, and use of their blood and genetic information without informed consent.

Contrary to the Sixth Circuit's reasoning in *Kanuszewski II*, the Third Circuit has expressly recognized a right against the disclosure or misuse of personal medical information by the State and traced this right directly from the family-privacy line of precedents on which Plaintiffs relied in their complaint and briefing. *See Gruenke v. Seip*, 225 F.3d 290, 302–03 (3d Cir. 2000) (citing *Whalen v. Roe*, 429 U.S. 589, 599–600 (1977), and *United States v. Westinghouse Elec. Corp.*, 638 F.2d 570, 577 (3d Cir. 1980)); *see also* FAC ¶ 186 (citing *Troxel v. Granville*, 530 U.S. 57, 66 (2000) (plurality opinion)).



July 15, 2025
Page 2

State law in New Jersey takes this further, recognizing by statute that "[g]enetic information is personal information," N.J.S.A. § 10.5-44, directing that "[n]o person shall obtain genetic information from an individual … without first obtaining informed consent," *id.* § 10.5-45, and punishing violation of this proscription with fines and incarceration, *id.* § 10:5-49. Third Circuit precedent and New Jersey law therefore place this case beyond comparison to *Kanuszewski II*'s reasoning with respect to parent Plaintiffs' substantive due process claim. Plaintiffs amply provided and relied upon these authorities in their First Amended Complaint and subsequent briefing. *See* FAC ¶¶ 181–99; ECF No. 47 at 33–34, 47–49.

Second, Defendants' extended discussion of the "search-based challenge" in *Kanuszewski II* is completely inapposite as Plaintiffs' First Amended Complaint contains no search claim. Indeed, the only Fourth Amendment claim Plaintiffs assert is that New Jersey's retention of baby blood without consent "is a continuing seizure" with "no lawful justification." FAC ¶¶ 164–72. The Sixth Circuit has historically refused to analyze continuing seizures under the Fourth Amendment, *e.g.*, *Fox v. Van Oosterum*, 176 F.3d 342, 350–52 (6th Cir. 1999), while the Third Circuit has no such limiting precedent.

On seizures, Defendants highlight *Kanuszewski II*'s holding that the plaintiffs there "had not offered a single case, statute, or argument to support the existence of a possessory interest in retained bloodspots under Michigan law." ECF No. 57 at 2 (cleaned up). The same cannot be said here with respect to Plaintiffs' arguments or reliance on judicial and statutory authorities.

Plaintiffs relied on voluminous case law establishing that the collection of bodily fluids, including blood, effects a seizure within the meaning of the Fourth Amendment by violating a person's right to exclude the government from their persons. *See, e.g.*, ECF No. 47 at 33–35 (citing *Gardner v. N.J. Pinelands Comm'n*, 593 A.2d 251 (N.J. 1991); *Skinner v. Ry. Lab. Execs.' Ass'n*, 489 U.S. 602 (1989); *Mitchell v. Wisconsin*, 588 U.S. 840 (2019); *Schmerber v. California*, 384 U.S. 757 (1966); *Missouri v. McNeely*, 569 U.S. 141 (2003); and *Birchfield v. North Dakota*, 579 U.S. 438 (2016)). That right of exclusion, as Plaintiffs have argued, is the *sine qua non* of a Fourth Amendment seizure claim, *see Rakas v. Illinois*, 439 U.S. 128, 144 n.12 (1978), and also "one of the most essential sticks in the bundle of rights that are commonly characterized as property." *Kaiser Aetna v. United States*, 444 U.S. 164, 176 (1979).

Plaintiffs likewise relied on New Jersey statutes establishing that genetic information is "personal" and prohibiting its collection without informed consent. ECF No. 47 at 33–34 (citing N.J.S.A. §§ 10.5-44, -45). Black's Law Dictionary defines "personal" to include "[o]f, relating to, or constituting personal property." *Personal*, Bryan Garner, Black's Law Dictionary (12th ed. 2024). As Plaintiffs have argued throughout this litigation, the right of personal security guaranteed by the Fourth Amendment must include the right to exclude the government from one's body unless it satisfies consent, a warrant, or warrant exception. *See* FAC ¶¶ 161–73; ECF No. 47 at 33. Persons have a possessory and respected security and property right in their persons that includes the right to exclude government therefrom. Plaintiffs have amply asserted this interest notwithstanding *Kanuszewski II*'s cursory conclusion that the plaintiffs in that matter had failed to assert a possessory interest under Michigan law.



July 15, 2025
Page 3

      Continued retention of blood and genetic material without informed consent is a continuing seizure as it intrudes on a fundamental possessory property right. *See* ECF No. 47 at 33 (citing *Gardner*, 593 A.2d at 262) (right to exclude); *Id.* (citing *Loretto v. Teleprompter CATV Corp.*, 458 U.S. 419, 435 (1982) (right to exclude); *see also Rakas*, 439 U.S. at 144 n.12 (defining standing to consent or challenge a search or seizure by the "right to exclude others"). The Sixth Circuit did not reach this question in *Kanuszewski II* because it held the plaintiffs failed to rely on precedents or statutes evidencing a possessory interest to begin with. The same cannot be said for Plaintiffs here, who have a possessory interest under state and constitutional law to their blood and against the state's continuing retention of it without their consent. *See* ECF No. 47 at 38. Plaintiffs have not lost their possessory interest in their blood as they have not voluntarily abandoned it, which it remains the government's burden to prove by "clear and unequivocal evidence." *Id.* (citing *United States v. Harrison*, 689 F.3d 301, 307–08 (3d Cir. 2012), and *United States v. Moody*, 485 F.2d 531, 534 (3d Cir. 1973)). A seizure continues as long as the government retains seized property. *United States v. Place*, 462 U.S. 696, 710 (1983). The continued retention of Plaintiffs' blood is an unjustified seizure and *Kanuszewski II* provides Defendants no support with respect to this claim as the Sixth Circuit has itself foreclosed continuing seizure claims under the Fourth Amendment while the Third Circuit has not. *See supra*.

      Thus, it cannot credibly be asserted that Plaintiffs failed to offer "a single case, statute, or argument to support the existence of a possessory interest in retained bloodspots under [New Jersey] law." ECF No. 57 at 2 (cleaned up). Defendants' novel theory that persons lack any possessory interest in the blood flowing through their own veins after the state seizes it is insufficient to defeat Plaintiffs' claims at this stage, where all well-pleaded assertions are taken as true and reasonable inferences drawn in favor of Plaintiffs. *Phillips v. County of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008). Defendants' argument that Plaintiffs' claims are moot or that they lack standing find no support in *Kanuszewski II* and have been sufficiently addressed in the briefing thus far. *See* ECF No. 47 at 19–31.

                                                  Respectfully submitted,

                                          CJ Griffin, Esq. (NJ Bar No. 031422009)
                                          Pashman Stein Walder Hayden, P.C.

                                          Robert Frommer, Esq.*
                                          Christen M. Hebert, Esq.*
                                          Institute for Justice

                                          *Attorneys for Plaintiffs*
                                          **Pro Hac Vice Counsel*

Cc: All counsel of record (via CM/ECF)