

**State of New Jersey**
DEPARTMENT OF LAW AND PUBLIC SAFETY
DIVISION OF LAW
25 MARKET STREET
PO BOX 114
TRENTON, NJ  08625-0114

MIKIE SHERRILL
*Governor*

DR. DALE G. CALDWELL
*Lt. Governor*

JENNIFER DAVENPORT
*Attorney General*

MICHAEL C. WALTERS
*Director*

June 24, 2026

***Via the CM/ECF system***
Hon. Georgette Castner, U.S.D.J.
United States District Court for the District of New Jersey
402 East State Street – Courtroom 5E
Trenton, NJ 08608

> ### Re: *Lovaglio, et al. v. Baston, et al.*, 3:23-cv-21803-GC-RLS

Dear Judge Castner:

This office represents the Defendants (the State) in the above-referenced matter. We write regarding the June 16, 2026, Declaration of Erica Jedynak (the Declaration) (ECF No. 81-1) and wish Plaintiffs the best regarding this news. As relevant to the litigation, we note that Plaintiffs have disclaimed any legal challenge "to Defendants' initial testing," ECF No. 79, at 19-20—a "not particularly controversial" process that occurs in all 50 states, *see* ECF No. 31 ¶ 2. Moreover, as all parties are aware, parents such as Ms. Jedynak may obtain destruction upon request of the samples associated with their children at any time after that initial screening process concludes (typically as soon as one to two weeks after birth). *See* Second Am. Compl., ECF No. 66 ¶ 152; ECF No. 78-2, at 17-18.

Indeed, as the State has already explained, the samples associated with Minor Plaintiffs would have already been destroyed under the State's default retention policy long ago—and the State would promptly proceed with their destruction today—but for Plaintiffs' express request to the contrary. *See* ECF No. 78-2, at 8. The State thus notes that the very thing Plaintiffs seek to maintain a federal case about—the State's retention of these and any future samples associated with Plaintiffs' children beyond the initial screening—is the very thing the State is only continuing to do here because of Plaintiffs' litigation-based objection. That





June 24, 2026
Page 2

underscores the dispositive Article III justiciability problems with this suit. *See id.* at 11-26.

In short, nothing about the Declaration cures this Court's lack of jurisdiction, much less the substantive defects in Plaintiffs' Fourth and Fourteenth Amendment theories. *See* ECF No. 78-2, at 26-40; *see also Kanuszewski v. Mich. Dep't of Health & Human Servs.*, 141 F.4th 796, 807-11 (6th Cir. 2025), *cert. denied*, __ S. Ct. __, 2026 WL 795148 (Mar. 23, 2026); *cf. FDA v. All. for Hippocratic Med.,* 602 U.S. 367, 382 (2024) (explaining that Article III requirements prevent "federal courts from becoming a vehicle for the vindication of the value interests of concerned bystanders" (quotation marks omitted)).

Respectfully submitted,

JENNIFER DAVENPORT
ATTORNEY GENERAL OF NEW JERSEY


By:     _s/ Amy Chung_____
        Amy Chung
        Deputy Attorney General


c:      All counsel of record